## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARMONI MASUD JOHNSON, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-CV-1203 |
| | : | (Judge Nealon) |
| v. | : | |
| | : | |
| LUZERNE COUNTY | : | |
| COURTHOUSE, ET AL.,[1] | : | |
| Respondents | : | |

### MEMORANDUM

On June 19, 2015, Petitioner, Armoni Masud Johnson, an inmate currently

confined at the State Correctional Institution, Dallas, Pennsylvania, filed this pro

se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. 1).  The

petition challenges his September 28, 2011, conviction for possession of a

controlled substance (heroin) in the Court of Common Pleas of Luzerne County,

Pennsylvania.  (Id.); see Commonwealth v. Johnson, CP-40-CR-0002193-2010.[2]

---

[1]  Pursuant to 28 U.S.C. § 2242 and Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the proper respondent in a federal habeas corpus action is the person having custody over the petitioner.  See Alleyne v. Rozum, 2007 U.S. Dist. LEXIS 40888, at *3 (M.D. Pa. 2007) (finding that the proper respondent for a section 2254 habeas corpus petition is the petitioner's custodial official at the state correctional institution where the petitioner is confined).  Here, the proper respondent would be the custodial official at the State Correctional Institution, Dallas, Pennsylvania.  See (Doc. 11). Therefore, neither the Luzerne County Courthouse nor the Pennsylvania Attorney General is a proper respondent.

[2]  This Court takes judicial notice of the Luzerne County Court of Common Pleas' docket sheet in Commonwealth v. Johnson, CP-40-CR-0002193-2010,

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, habeas corpus petitions must be promptly screened and are subject to summary dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. "A petition may be dismissed without review of an answer 'when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . .'" Belt v. Scism, 2010 U.S. Dist. LEXIS 97052, at *1 (M.D. Pa. 2010) (Muir, J.) (quoting Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970)). The Court has screened the petition. For the reasons set forth below, the petition for writ of habeas corpus will be dismissed for lack of subject-matter jurisdiction.

## I.   **BACKGROUND**

On September 28, 2011, Petitioner was convicted of one-count of possession of a controlled substance (heroin) under 35 Pa. C.S.A. § 780-113 (a)(16). Commonwealth v. Johnson, CP-40-CR-0002193-2010. On January 17, 2012, Petitioner was sentenced to a minimum of fifty (50) days and a maximum of

---

which is available through Pennsylvania's Unified Judicial Docket System docket research at: http://ujsportal.pacourts.us/.

one (1) year at the Luzerne County Correctional Facility.  Commonwealth v.

Johnson, CP-40-CR-0002193-2010.  On March 20, 2012, Petitioner was paroled.

Id.  Subsequently, he violated the terms of his parole, and on June 12, 2012, a

Petition to Revoke Parole was filed.  Id.  On September 5, 2012, Petitioner

appeared at his parole revocation hearing and admitted to the violation.  Id.  It was

determined that Petitioner be remanded to the Luzerne County Correctional

Facility to complete his sentence, which expired on December 8, 2012.  Id.

Petitioner did not file a direct appeal from his conviction.  Rather, on

October 11, 2012, Petitioner filed a "Post-Sentence Motion" which sought to

dismiss his charge pursuant to Pennsylvania Rule of Criminal Procedure 600.  Id.;

see Commonwealth v. Johnson, 2177 MDA 2012 (Pa. Super. Ct. Feb. 18, 2014).[3]

On November 6, 2012, the trial court denied his motion because it was untimely.

Commonwealth v. Johnson, CP-40-CR-0002193-2010.  He then appealed the trial

court's order denying his "Post Sentence Motion" to the Pennsylvania Superior

Court.  Id.

On February 18, 2014, the Superior Court issued its decision affirming the

_____

[3]  This Court takes judicial notice of the Pennsylvania Superior Court's
docket sheet in Commonwealth v. Johnson, 2177 MDA 2012, which is available
through Pennsylvania's Unified Judicial Docket System docket research at:
http://ujsportal.pacourts.us./.

trial court's denial of Petitioner's motion.  Commonwealth v. Johnson, 2177 MDA 2012 (Pa. Super. Ct. Feb. 18, 2014).  In reaching its decision to affirm, the Pennsylvania Superior Court discussed whether Petitioner's motion was actually a petition for relief under the Post Conviction Relief Act ("PCRA").  Id. at p. 2. According to the Superior Court, Petitioner's judgment of sentence became final on October 5, 2012, "as he did not file a timely appeal from the revocation of his parole on September 5, 2012."  Id. (citing Pa. R.A.P. 903(a); Pa.R.Crim.P. 708(E) (stating that "[a] motion to modify a sentence imposed after a revocation shall be filed within 10 days of the date of imposition.  The filing of a motion to modify sentence will not toll the 30-day appeal period.")).  As a result, the Superior Court found that Petitioner's motion was actually a PCRA petition and should have been treated as such by the trial court.  Id. at p. 3 (citing Commonwealth v. Taylor, 65 A.3d 462, 466 (Pa. Super. Ct. 2013) (reiterating "that all motions filed after a judgment of sentence is final are to be construed as PCRA petitions.")). Nevertheless, the Superior Court affirmed the trial court's decision because it found that Petitioner was not eligible for relief under the PCRA due to the fact that he was not currently serving a sentence of imprisonment, probation or parole for the crime at issue.  Id. at p. 5.

Petitioner did not appeal the Superior Court's February 18, 2014 decision.

4

Consequently, the Pennsylvania Superior Court's ruling on Petitioner's PCRA

petition became final on March 21, 2014, at the expiration of the thirty-day period

for filing an appeal with the Pennsylvania Supreme Court.  On June 16, 2015,

Petitioner filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2254 in

the above-captioned action.

## II.    DISCUSSION

"A federal district court has jurisdiction to entertain an application for

habeas corpus relief filed pursuant to 28 U.S.C. § 2254 only if the person is 'in

custody' pursuant to the state court judgment or sentence he is attacking at the

time the application is filed."  Okey v. Pennsylvania, 2014 U.S. Dist. LEXIS

153141, at *10 (M.D. Pa. 2014) (Rambo, J.) (citing 28 U.S.C. § 2254(a); Maleng

v. Cook, 490 U.S. 488, 490 (1989); United States ex rel. Wojtycha v. Hopkins,

517 F.2d 420, 423 n.6 (3d Cir. 1975) ("'in custody' jurisdictional requirement is

determined as of the date the petition is filed in the district court.")).  The United

States Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in

custody' under a conviction when the sentence imposed for that conviction has

fully expired at the time his petition is filed."  Maleng, 490 U.S. at 491; see Drakes

v. INS, 330 F.3d 600 (3d Cir. 2003).  "[O]nce the sentence imposed for a

conviction has completely expired, the collateral consequences of that conviction

are not themselves sufficient to render an individual 'in custody' for the purposes

of a habeas attack upon it."  <u>Maleng</u>, 490 U.S. at 492.

     In <u>Daniels v. United States</u>, 532 U.S. 374 (2001), and <u>Lackawanna County</u>

<u>District Attorney v. Coss</u>, 532 U.S. 394 (2001)

> the United States Supreme Court abrogated <u>Young[ v. Vaughn</u>,
> 83 F.3d 72 (3d Cir. 1996)] <u>sub</u> <u>silencio</u>, <u>see</u> <u>Venson v. Killina</u>,
> [2009 U.S. Dist. LEXIS 128908, at *20 n.2 (W.D. Pa. 2009)]
> (recognizing abrogation), and established that a habeas
> petitioner may not indirectly challenge an expired conviction
> through an enhanced sentence the petitioner is currently
> serving.

<u>Okey</u>, 2014 U.S. Dist. LEXIS 153141, at *11.  In <u>Coss</u>, the Supreme Court

explained

> once a state conviction is no longer open to direct or collateral
> attack in its own right because the defendant failed to pursue
> those remedies while they were available (or because the
> defendant did so unsuccessfully), the conviction may be
> regarded as conclusively valid.  If that conviction is later used
> to enhance a criminal sentence, the defendant generally may
> not challenge the enhanced sentence through a petitioner under
> § 2254 on the ground that the prior conviction was
> unconstitutionally obtained.

<u>Coss</u>, 532 U.S. at 403-04 (citing <u>Daniels</u>, 532 U.S. at 382).

     Here, Petitioner, a prisoner who is currently in the custody of the

Commonwealth of Pennsylvania, directly challenges a state conviction in

<u>Commonwealth v. Johnson</u>, CP-40-CR-0002193-2010, which expired on

6

December 8, 2012.  <u>Commonwealth v. Johnson</u>, 2177 MDA 2012, at p. 5 (Pa.

Super. Ct. Feb. 18, 2014) ("Johnson completed his sentence for the possession of

heroin conviction on December 8, 2012.").  Thus, even assuming, without

deciding, that this Court were to consider the July 31, 2014, filing of Petitioner's

civil rights action in <u>Johnson v. Koehler, et al.</u>, Civil Action No. 3:14-CV-1490

(M.D. Pa. filed July 31, 2014), as the date on which he first advanced his habeas

claims regarding the conviction and sentence currently under attack, <u>see</u> (Doc. 12),

such a filing was over a year and a half after that sentence expired on December 8,

2012.  <u>See</u> <u>Commonwealth v. Johnson</u>, CP-40-CR-0002193-2010; <u>Commonwealth

v. Johnson</u>, 2177 MDA 2012, at p. 5.  Thus, Petitioner is directly challenging a

fully expired conviction under section 2254, which he alleges was used to enhance

a subsequent sentence.  Following <u>Maleng</u> and <u>Coss</u>, it is determined that the

Court lacks subject matter jurisdiction over the petition under section 2254

because Petitioner was not "in custody" pursuant to the state conviction he directly

challenges at the time he filed his habeas claim.[4]  <u>See</u> <u>Okey</u>, 2014 U.S. Dist.

LEXIS 153141, at *10-13; <u>Flick v. Pennsylvania</u>, 2008 U.S. Dist. LEXIS 14833,

at *5 (M.D. Pa. 2008) (McClure, J.) ("Since this is not a situation where a habeas

---

[4]  There is no need to discuss any timeliness issue because Petitioner cannot
meet the "in custody" requirement of 28 U.S.C. § 2254.

petitioner is seeking to challenge a current sentence on the grounds that it was

increased/enhanced by an expired conviction and sentence, [petitioner's] present §

2254 petition clearly may not be entertained by this Court.  Pursuant to the

standards announced in <u>Maleng</u>, <u>Daniels</u>, and <u>Coss</u>, the petition for writ of habeas

corpus will be dismissed.").

In <u>Coss</u>, the United States Supreme Court also established an exception to

the general rule for cases challenging an expired conviction and sentence.

Specifically, the Supreme Court stated that it recognized

> an exception to the rule for § 2254 petitions that challenge an
> enhanced sentence on the basis that the prior conviction used to
> enhance the sentence was obtained where there was a failure to
> appoint counsel in violation of the Sixth Amendment, as set
> forth in <u>Gideon v. Wainwright</u>, 372 U.S. 335, 83 S. Ct. 792, 9
> L.Ed.2d 799 (1963).

<u>Coss</u>, 532 U.S. at 404.[5]  Thus, according to the Supreme Court

> [w]hen an otherwise qualified . . . petitioner can demonstrate
> that his current sentence was enhanced on the basis of a prior
> conviction that was obtained where there was a failure to
> appoint counsel in violation of the Sixth Amendment, the
> current sentence cannot stand and habeas relief is appropriate.

<u>Id.</u>  The Supreme Court went on to state that "[a]s with any § 2254 petition, the

---

[5]  A plurality of the United States Supreme Court in <u>Coss</u> also suggested an
exception to the general rule in a situation where "a habeas petition directed at the
enhanced sentence may effectively be the first and only forum available for review
of the prior conviction."  <u>Coss</u>, 532 U.S. at 406.

petitioner must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies." Coss, 532 U.S. at 404. "Thus, a Gideon violation does not eliminate the need to follow the proper procedures." Perkins v. Holt, 410 F. App'x 422, 423 (3d Cir. 2010) (per curiam).

Here, Petitioner does not claim that the trial court failed to appoint him counsel in Commonwealth v. Johnson, CP-40-CR-0002193-2010, but rather readily admits he was appointed counsel, (Doc. 1, p. 12), and argues that he is entitled to habeas relief due to, inter alia, ineffective assistance of counsel. (Id. at p. 5). Therefore, Petitioner does not fall under the exception established in Coss. See Hart v. Pa. Bd. of Probation & Parole, 2011 U.S. Dist. LEXIS 24499, at *11 (E.D. Pa. 2011) ("As Coss was decided after both Strickland[v. Washington, 466 U.S. 668 (1984)] and Gideon, the Supreme Court's decision to limit the exception to § 2254's custody requirement to Sixth Amendment claims based on lack of counsel, not ineffective assistance of counsel, is clear."); see generally Taveras-Lopez v. Reno, 127 F. Supp. 2d 598, 602 n.4 (M.D. Pa. 2000) (Vanaskie, J.)[6] (The United States Supreme Court held in Custis v. United States, 511 U.S. 485, 496 (1994), that ineffective assistance as an "alleged constitutional violation does not

---

[6] Judge Vanaskie was subsequently elevated to the United States Court of Appeals for the Third Circuit.

rise 'to the level of a jurisdictional defect resulting from the failure to appoint counsel at all.'").

## III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 481 (2000)). The United States Supreme Court has stated that

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack, 529 U.S. at 484. Here, jurists of reason would not find the procedural

disposition of this case debatable.  Accordingly, no COA will issue.

**IV.    <u>CONCLUSION</u>**

Based on the foregoing, the petition for writ of habeas corpus will be

dismissed with prejudice for lack of jurisdiction to the extent that Petitioner seeks

to directly challenge his conviction at <u>Commonwealth v. Johnson</u>, CP-40-CR-

0002193-2010.  Further, a COA will not issue.

A separate Order will be issued.


Date: January 25, 2016                                          /s/ William J. Nealon
                                                                **United States District Judge**